Jose Ernesto REYES–TORRES, Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General, Respondent.

No. 09–70204.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 4, 2010.

Antonio R. Salazar, Esquire, Salazar Law Office, Seattle, WA, for Petitioner.

Gerald Alexander, Trial, Kerry Ann Monaco, Trial, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jose Ernesto Reyes–Torres, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT), and denying his application for cancellation of removal.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

722

Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because, even if Reyes–Torres had testified credibly, he could not establish eligibility for relief because he failed to show that guerrillas threatened him on account of a protected ground. *See Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that forced recruitment alone is not enough to show persecution on account of political opinion). Moreover, his fear of future persecution based on an actual or imputed anti-gang opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus,* 542 F.3d at 745–46; *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Reyes–Torres did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

As for Reyes–Torres's cancellation claim, we lack jurisdiction to review the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his legal permanent

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

resident father or his U.S. citizen child. 8 U.S.C. § 1252(a)(2)(B); *Mendez–Castro v. Mukasey,* 552 F.3d 975, 979 (9th Cir.2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.